GINA MARIE BARTOLI, AN INFANT BY HER GUARDIAN AD LITEM JOSEPH BARTOLI AND JOSEPH BARTOLI, INDIVIDU- ALLY, PLAINTIFFS, v. LOUIS BAIUNCO AND THOMAS A. BAIUNCO, DEFENDANTS.

Superior Court of New Jersey
Law Division Bergen County

Decided on Motion August 17, 1984.

*Edward J. Dolan,* for plaintiff.

No appearance required by any remaining parties.

SIMPSON, A.J.S.C.

This is an application under *R.* 1:21–7(f) for an increased attorney's fee in excess of the amount allowable pursuant to *R.* 1:21–7(c). The trial judge approved a friendly settlement for injuries to the infant plaintiff subject to the Assignment Judge approving the counsel fee.

Gina Marie Bartoli was born March 23, 1976 and suffered serious leg injuries when struck by a car on her sixth birthday. She was a "dart out" and both counsel and the trial judge opined that it was a questionable liability case. The structured settlement incorporated in the judgment was for future payments to the child at the following attained ages:

18 – $ 10,000
20 – 10,000
22 – 10,000
25 – 20,000
30 – 33,000

Counsel's affidavit reflects a settlement procedure that is disapproved. The claims adjuster for the liability carrier, Prudential Property and Casualty Insurance Company (PRUPAC) negotiated the above settlement and thereafter the attorney and PRUPAC agreed upon a $7,500 counsel fee to be separately paid by that carrier. The application is for approval of such fee inclusive of $527 of disbursements. At the friendly hearing before the trial judge, plaintiffs and their attorney learned for the first time that the actual cost of the annuity funding the future payments was only $14,974. Safeco Life Insurance Company (SAFECO) is the annuity underwriter, but PRUPAC refused to reveal the cost of the annuity during settlement negotiations. *R.* 1:21–7(h) requires such information for fee calculation purposes, and a plaintiff's attorney should require the cost figures during settlement negotiations. Be-

cause of the time value of money,[1] the future payments totalling $83,000 only cost $14,974 and the internal rate of return on the annuity is approximately 11.2138%. At the present time U.S. Treasury notes and bonds with maturities from 7 to 30 years yield over 12% and, of course, *R.* 4:42–11 provides for pre-judgment and post-judgment interest at a 12% rate. The present value of the five future payments to the infant plaintiff, using a 12% discount factor, is $13,472.77. The $14,974 cost of the annuity will be used for contingent fee purposes, however, since investment in U.S. Treasuries could not assure reinvestment of the interest income for the next 22 years (until the final payment of $33,000 at age 30) at a rate of 11.2138% or higher. The annuity, in effect, locks in the 11.2138% during the entire 22 year period.

*R.* 1:21–7(c)(7), both before and after the amendments effective January 16, 1984, limits a contingent fee to 25% where an infant's claim is settled without trial. The $14,974 cost of the annuity, plus the $7,500 PRUPAC payment towards counsel fees and disbursements totals $22,474. Deducting the $527 disbursements results in an *R.* 1:21–7(d) net sum recovered of $21,947. The maximum contingent fee of 25% is $5,486.75 and this is a reasonable fee in light of all the circumstances. *R.* 1:21–7(f). Counsel is entitled to be reimbursed for the $527 of disbursements and the $1,486.25 remaining balance of the $7,500 [2] will be deposited in the Bergen County Surrogate's Intermingled Account [3] for the benefit of the child.

---

[1] See generally in connection with structured settlements: Staller, *Structured Settlements,* Ch. 10 of Advocacy—Settlement, Miller (Mathew Bender, 1983); Glen, *Periodic Payment of Personal Injury Damages,* Ch. 2 of Dealing with Damages, Itzkoff (PLI, 1983).

[2] $7,500 less approved fee of $5,486.75 and less disbursements of $527.

[3] For calendar year 1984 the account earns interest at 10.2% compounded daily, for an effective annual yield of 10.89%.

The submitted order has been completed in accordance with the foregoing and counsel should file copies of all papers on this application with the Administrative Office of the Courts as required by *R.* 1:21–7(f).